IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENNA HAMMOND,<br><br>　　　　Plaintiff,<br><br>v.<br><br>B19 LLC, d/b/a THE RESTAURANT AT 1900,<br><br>　　　　Defendant. | Case No. 22-2322-DDC-KGG |

## MEMORANDUM AND ORDER

The court finds itself on the brink of dismissing this case without prejudice for lack of subject matter jurisdiction. Despite repeated requests by the court for clarification, plaintiff still hasn't provided sufficient information for the court to discern whether it possesses diversity jurisdiction. Section 1332 of Title 28 of the United States Code confers diversity jurisdiction on federal district courts over "all civil actions" where: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and (2) is between "citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Plaintiff sufficiently has alleged the $75,000 amount in controversy. Doc. 10 at 2 (Second Am. Compl. ¶ 5). But she still hasn't provided information sufficient to identify the parties' citizenship for diversity purposes.

The pleadings confirm plaintiff's citizenship: She "is domiciled in Missouri[.]" Doc. 10 at 2 (Second Am. Compl. ¶ 7). Thus, she has alleged sufficiently that she is a citizen of Missouri for diversity jurisdiction purposes. *See Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir. 2006) (explaining that "[f]or purposes of federal diversity jurisdiction, an individual's state

citizenship is equivalent to domicile" and "[t]o establish domicile in a particular state, a person must be physically present in the state and intend to remain there").

For defendant, plaintiff merely alleges that it is a "a Limited Liability Company organized and domiciled in the State of Kansas" whose "sole owner" is "Neil D. Karbank, who based upon information and belief resides" in Kansas. Doc. 10 at 2–3 (Second Am. Compl. ¶ 8). Plaintiff asserts that the defendant "LLC and its organizer/owner are domiciled and residents of the State of Kansas by virtue of its membership being a resident domiciled in the State of Kansas." *Id.* The court can't tell what this means. And it doesn't establish the defendant LLC's citizenship for diversity jurisdiction purposes.

As the court twice has explained, a *limited liability company's* citizenship depends on its *members'* citizenship. Doc. 4 at 3 (quoting *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members.")); *see also* Doc. 8 at 2 (same). Yet, plaintiff continues to cite the test for determining a *corporation's* citizenship. Doc. 9 at 1 (citing 28 U.S.C. § 1332(c)(1)); *see also* Doc. 6 at 1 (same).

Also, the court has explained that an "'individual's residence is not equivalent to domicile and it is domicile that is relevant for determining citizenship.'" Doc. 4 at 3 (quoting *Siloam Springs*, 781 F.3d at 1234). Yet, plaintiff's pleadings and responses to the court's show cause orders continue to allege *residence* instead of *citizenship*.

The court recognizes that plaintiff may not have information sufficient to identify the *members* of the defendant LLC, if that information is not available publicly. But plaintiff's attempt to assert diversity jurisdiction based on the "residence" of the "sole owner" or

"organizer" of the defendant LLC doesn't provide the court adequate information to discern the *citizenship* of *each member* of the defendant LLC to determine whether it is diverse from plaintiff who is a Missouri citizen. In short, the court understands the challenges plaintiff faces. But this understanding can't function as a substitute for the requisites of subject matter jurisdiction.

Before the case can proceed, the court must determine whether federal subject matter jurisdiction exists. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Thus, the court directs the parties to raise this jurisdictional issue during the upcoming Scheduling Conference with Magistrate Judge Kenneth G. Gale on December 9, 2022. The court is confident that Judge Gale will adopt a schedule and discovery plan that permits the court to decide the threshold issue—subject matter jurisdiction—before the case can proceed on the merits. This is what *Henderson* requires of the court and thus, the court will require it of the parties.

**IT IS SO ORDERED.**

**Dated this 26th day of October, 2022, at Kansas City, Kansas.**

                                                            **s/ Daniel D. Crabtree**
                                                            **Daniel D. Crabtree**
                                                           **United States District Judge**